Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

PAUL ALSTON                 1126
NICKOLAS A. KACPROWSKI 8627
KRISTIN L. HOLLAND        10063
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:  palston@ahfi.com
         nkacprowski@ahfi.com
         kholland@ahfi.com

Attorneys for Defendant
BANK OF HAWAI`I

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| RODNEY SMITH, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>BANK OF HAWAI`I and DOES 1 through 10,<br><br>      Defendant. | Case No. _____<br>(Other Civil Action)<br><br>**DEFENDANT BANK OF HAWAI`I'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(A); EXHIBIT 1; CERTIFICATE OF SERVICE** |

**DEFENDANT BANK OF HAWAI`I'S NOTICE OF
REMOVAL OF CIVIL ACTION PURSUANT TO
28 U.S.C. § 1441(A)**

**TO THE HONORABLE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF HAWAI`I, AND TO
THE CLERK OF COURT**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C.

§ 1441(a), Defendant Bank of Hawai`i hereby removes to this Court

the pending State Court action described below:

1. Rodney Smith commenced an action in the Circuit

Court for the First Circuit of the State of Hawai`i, *Smith v. Bank of

Hawai`i*, Civil No. 16-1-1712-09 GWBC, (the "Action"). On

September 13, 2016, Plaintiff filed a first amended complaint in the

Action. The First Amended Complaint alleges six causes of action

for violation of HRS 480 *et seq.*, breach of contract, breach of the

covenant of good faith and fair dealing, unjust enrichment/

restitution, money had and received, and violation of the Electronic

Funds Transfer Act and Regulation E, (15 U.S.C. § 1693 *et seq.* and

12 C.F.R. § 1005 *et seq*). Plaintiff seeks to represent a class of

individuals who are purportedly similarly situated. True and

correct copies of all documents filed and served in the action are

attached as Exhibit 1 in compliance with 28 U.S.C. § 1446(a).

## I.   THE COURT HAS ORIGINAL JURISDICTION OVER THIS CASE PURSUANT TO 28 U.S.C. §§ 1331 AND 1367(A)

2.     The Action is a civil action over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).  Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  And under § 1367(a), when district courts have original jurisdiction, they may exercise supplemental jurisdiction over claims that are "so related to the (plaintiff's) claims...that they form part of the same case or controversy under Article III of the U.S. Constitution."  28 U.S.C. § 1367 (a).

3.     Plaintiff asserts a cause of action for violations of the Electronic Funds Transfer Act and regulations promulgated pursuant to that Act (15 U.S.C. § 1693 *et seq.* and 12 C.F.R. § 1005 *et seq.*), and thus based on alleged violations of a federal statute and federal regulations.  Accordingly, that cause of action arises under the laws of the United States, and, therefore, the district court has original jurisdiction over it.

4.     The District Court may exercise supplemental jurisdiction over Plaintiff's five state law claims, because the claims

are "so related to the [federal] claims...that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Claims form part of the same case or controversy when they "arise from a common nucleus of operative facts."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Here, Plaintiff's state and federal law claims all involve a nucleus of common facts because they all concern Defendant's overdraft practices and how those practices were applied to Plaintiff.  Accordingly, the Court may exercise supplemental jurisdiction over Plaintiffs' State law claims.

## II.   REMOVAL TO THIS COURT IS TIMELY AND PROPER

5.   This Action may be removed to this Court pursuant to 18 U.S.C. § 1441(a) because, as explained above, the District Court would have had original jurisdiction over it pursuant to 28 U.S.C. § 1331.

6.   Removal is timely.  Defendant was served with a copy of the Summons and Complaint on September 12, 2016.  The Notice of Removal, therefore, has been filed within 30 days of Defendant's receipt of the initial pleading.  28 U.S.C. § 1446(b).

7.     Defendant has attached a copy of "all process, pleadings, and orders served upon such Defendant" in this case. 28 U.S.C. § 1446(a).  The copies are attached as Exhibit A.

8.     Venue is proper in this district, as this is the geographic district where the State Court action is pending, and because the events giving rise to the Action, as alleged in the First Amended Complaint, occurred in this district.

9.     Defendant will promptly serve a copy of this notice on Plaintiff and will file a copy of this notice with the Clerk of the Circuit Court of the First Circuit, State of Hawai`i, as required by 28 U.S.C. § 1446(d).

10.    By filing this notice, Defendant does not waive any defenses to the First Amended Complaint.

WHEREFORE, Defendant prays that the Action be removed to this Court.

DATED: Honolulu, Hawai`i, September 19, 2016.

_/s/ Nickolas A. Kacprowski_____
PAUL ALSTON
NICKOLAS A. KACPROWSKI
KRISTIN L. HOLLAND
Attorneys for Defendant
BANK OF HAWAI`I