IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RODNEY SMITH, | ) CIVIL NO. 16-00513 JAO-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT IN PART AND DENY IN PART |
| vs. | ) PLAINTIFF'S MOTION FOR CLASS |
| | ) CERTIFICATION |
| BANK OF HAWAII, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Before the Court is Plaintiff's Motion for Class Certification, filed on October 22, 2018 ("Motion"). ECF No. 131. The parties stipulated to several continuances of the briefing schedule regarding the Motion. See ECF Nos. 133, 145, 148. Defendant Bank of Hawaii ("BOH") filed its Opposition on December 18, 2018. ECF No. 146. Plaintiff filed his Reply on January 22, 2019. ECF No. 150. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 132. After careful consideration of the submissions of the parties, the record in this action, and the relevant legal authority, the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN
PART AND DENIED IN PART.

BACKGROUND

In this action, Plaintiff, on behalf of a putative
class, alleges that Defendant BOH charged its customers overdraft
fees for transactions that did not exceed the actual account
balance, but rather, exceeded a lesser account balance as
calculated by Defendant BOH's computer system.  Plaintiff alleges
that Defendant BOH breached its customer account agreements,
engaged in unfair and deceptive practices by improperly charging
overdraft fees, and violated federal law regarding opt-in
requirements for overdraft service.  Plaintiff asserts three main
claims against Defendant BOH: (1) breach of contract[2];(2)
violation of Hawaii's Unfair and Deceptive Practices Act, Hawaii
Revised Statutes Chapter 480; and (3) violation of Regulation E
of the Electronic Fund Transfers Act ("EFTA").

Judgment was granted in favor of Defendant BOH on all
claims based on overdraft fees charged before September 9, 2015.
ECF No. 99.  All claims based on overdraft fees charged on or
after September 9, 2015, remain.  Id.  Defendant BOH's second
motion for summary judgment on all remaining claims was heard and

---

[2] For purposes of this Findings and Recommendation,
Plaintiff's breach of contract claim includes Plaintiff's claim
for breach of the covenant of good faith and fair dealing, unjust
enrichment, and money had and received.

taken under advisement by the district court on November 26,
2018.  See ECF No. 139.

In the present Motion, Plaintiff requests that the
Court certify two classes to be defined as follows:

> **The Sufficient Funds Class**:  All persons who
> have or have had accounts with BOH who
> incurred overdraft fees for transactions when
> the real balance in the checking account was
> sufficient to cover the transactions from
> September 9, 2015, through September 30, 2017.

> **The Regulation E Class:**  All persons who have
> or have had accounts with BOH who incurred
> overdraft fees for ATM or nonrecurring debit
> card transactions occurring from September 9,
> 2015, through September 30, 2017, who were
> opted-in using an Opt-in Agreement that
> defined an overdraft as "when you do not have
> enough money in your account to cover a
> transaction, but we pay it anyway."

ECF No. 131-1 at 22.

ANALYSIS

Under Rule 23(a), a named plaintiff can obtain class
certification if the Court finds: (1) numerosity of the class;
(2) there are common questions of law or fact; (3) that the named
plaintiff's claims and defenses are typical; and (4) that the
representative parties can fairly and adequately protect the
interests of the class.  Fed. R. Civ. P. 23(a); see also Wal-Mart
Stores, Inc. v. Dukes, 564 U.S. 338, 351 (2011).  These
requirements are known as numerosity, commonality, typicality,
and adequacy of representation.  See Wal-Mart Stores, Inc., 564
U.S. at 351.

If the four prerequisites of Rule 23(a) are met, the
Court must next consider whether the class is maintainable under
Rule 23(b).  Narouz v. Charter Communs., LLC, 591 F.3d 1261, 1266
(9th Cir. 2010).  In this case, Plaintiff relies on Rule
23(b)(3).  See ECF No. 131-1 at 22-30.  Under Rule 23(b)(3), a
class can be certified if "questions of law or fact common to
class members predominate over any questions affecting only
individual members, and that a class action is superior to other
available methods for fairly and efficiently adjudicating the
controversy."  Fed. R. Civ. P. 23(b)(3).  The court must conduct
a rigorous analysis to determine whether all of the prerequisites
of Rule 23 have been met.  Wal-Mart Stores, Inc., 564 U.S. at
351.

## A.  Rule 23(a)

### 1.  Numerosity

The numerosity inquiry "requires examination of the
specific facts of each case and imposes no absolute limitations."
Gen. Tel. Co. of the NW, Inc. v. E.E.O.C., 446 U.S. 318, 330
(1980).  In general, the numerosity requirement is presumed
satisfied when a class includes at least forty members.  Rannis
v. Recchia, 380 Fed. Appx. 646, 651 (9th Cir. 2010).  Here,
Plaintiff asserts that there are more than 39,000 customer
accounts that meet the class definitions.  ECF No. 131-1 at 24.
In its Opposition, Defendant BOH does not challenge Plaintiff's

4

satisfaction of the numerosity requirement.  See ECF No. 146.

Because the numerosity requirement is presumed satisfied when a

class is compromised of at least forty members, the Court

concludes that this requirement is met.

### 2.  Commonality and Typicality

Commonality requires the named plaintiffs to show that

"there are questions of law or fact common to the class."  Fed.

R. Civ. P. 23(a)(2).  The class members' claims "must depend upon

a common contention" that is "of such a nature that it is capable

of classwide resolution -- which means that determination of its

truth or falsity will resolve an issue that is central to the

validity of each one of the claims in one stroke."  Wal-Mart

Stores, Inc., 564 U.S. at 351; see also Mazza v. Am. Honda Motor

Co., 666 F.3d 581, 588 (9th Cir. 2012) (same).  These common

questions may center on "shared legal issues with divergent

factual predicates [or] a common core of salient facts coupled

with disparate legal remedies."  Jimenez v. Allstate Ins. Co.,

765 F.3d 1161, 1165 (9th Cir. 2014) (quoting Hanlon v. Chrysler

Corp., 150 F.3d 1011, 1019 (9th Cir. 1998)).  "This does not,

however, mean that every question of law or fact must be common

to the class; all that Rule 23(a)(2) requires is 'a single

significant question of law or fact.'"  Abdullah v. U.S. Sec.

Assocs., Inc., 731 F.3d 952, 957 (9th Cir. 2013) (quoting Mazza,

666 F.3d at 589)).

The typicality requirement is satisfied "when each

class member's claim arises from the same course of events, and
each class member makes similar legal arguments to prove the
defendant's liability." Rodriquez v. Hayes, 591 F.3d 1105, 112
¶ 1 (9th Cir. 2010) (citation omitted).  Under this standard, the
class representative's claims need only be "reasonably
coextensive with those of absent class members;" they need not be
"identical or substantially identical to those of the absent
class members." Staton v. Boeing Co., 327 F.3d 938, 957 (9th
Cir. 2003) (citations omitted).

    The Ninth Circuit has noted that the "commonality and
typicality requirements of FRCP 23(a) tend to merge." Meyer v.
Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1041 (9th Cir.
2012).  As discussed in detail below, the Court finds that
Plaintiff has demonstrated that there are common questions of law
and fact as to his claims against Defendant BOH and that his
claims are typical of the claims of the other members of the
proposed classes.

### a. Breach of Contract Claims

    Plaintiff alleges that the provisions of the contracts
at issue, the Account Agreement and the Opt-in Agreement, require
Defendant BOH to use the actual account balance to determine the
assessment of overdraft fees.  ECF No. 131-1 at 24-26.  Plaintiff
alleges that Defendant BOH breached the applicable provisions of
these contracts by assessing overdraft fees based on the
available balance instead of the actual balance.  Id.

Plaintiff asserts, and Defendant BOH does not dispute, that the contracts at issue, the Account Agreement and the Opt-in Agreement, were standardized agreements containing identical language relating to overdrafts.  See ECF No. 131-1 at 25; ECF No. 146.  Plaintiff asserts, and Defendant BOH does not dispute, that Defendant BOH used a computer software program to automatically and uniformly assess overdraft fees based on the available account balance.  Id.

Because the relevant provisions in the Account Agreement and the Opt-in Agreement are the same for all putative class members and Defendant BOH's assessment of overdraft fees based on the available account balance was automatic and uniform, the Court finds that the issue of whether Defendant BOH breached these agreements by assessing overdraft fees based on the available balance is sufficient to satisfy the commonality requirement for class certification.  The Court finds that the resolution of this issue "will yield a common answer that is 'apt to drive the resolution of the litigation,' as required by Rule 23(a)(2)."  See Abdullah, 731 F.3d at 962 (quoting Wal-Mart, 564 U.S. at 350)).

In its Opposition, Defendant BOH argues that there are several issues of fact that are not common to all of the class members regarding the extrinsic evidence that may be considered in resolving contract ambiguity.  See ECF No. 146 at 34-38.  The Court addresses that issue in the discussion of predominance

below.  For purposes of commonality, the existence of a
significant common question of fact is sufficient under Rule
23(a)(2). See Abdullah, 731 F.3d at 957; Mazza, 666 F.3d at 589
("commonality only requires a single significant question of law
or fact").  The Court finds that Plaintiff has sufficiently
demonstrated commonality for his breach of contract claims.

Additionally, the Court finds that Plaintiff's breach
of contract claims are typical of the claims of the other members
of the proposed class.  Defendant BOH argues that Plaintiff's
claims are not typical because Plaintiff opened three accounts
with BOH and engaged in a unique course of dealing with Defendant
BOH related to his overdraft fees.  ECF No. 146 at 26-27.
Although Plaintiff's conduct may not be identical to other class
member's conduct, that is not required to demonstrate typicality.
Because the relevant contract provisions are the same for all
putative class members and Defendant BOH's assessment of
overdraft fees based on the available account balance was
uniform, Plaintiff's breach of contract claims are "reasonably
coextensive with those of absent class members." See Staton, 327
F.3d at 957.  The Court finds that Plaintiff has sufficiently
demonstrated typicality for his breach of contract claims.

**b. Violation of Hawaii's Unfair and Deceptive Practices
Act, Hawaii Revised Statutes Chapter 480**

There are "three elements essential to recovery" on a
claim for violation of Chapter 480: (1) an unfair or deceptive

8

business act or practice; (2) which causes injury to plaintiff;
and (3) proof of damages. Davis v. Four Seasons Hotel, Ltd., 228
P.3d 303, 315 (Haw. 2010) (citations omitted); Haw. Rev. Stat.
§§ 480-2, -13. Under Hawaii law, the determination regarding
whether an act or practice is deceptive is an objective inquiry.
See Courbat v. Dahana Ranch, Inc., 141 P.3d 427, 436 (Haw. 2006).
As recognized by the Ninth Circuit, "Hawaii's consumer protection
laws expressly consider class actions to be appropriate
enforcement mechanisms." Yokoyama v. Midland Nat. Life Ins. Co.,
594 F.3d 1087, 1092 (9th Cir. 2010) (citing Haw. Rev. Stat.
§ 480-13(c), which provides that the remedies available shall be
applied in class actions).

    Here, Plaintiff alleges that Defendant BOH engaged in
an unfair and deceptive practice by assessing overdraft fees and
by using the Account Agreement and Opt-in Agreement that
contained the overdraft provisions at issue. See ECF No. 6-5
¶¶ 55-57; ECF No. 131-1 at 38-39. As noted above, the relevant
provisions in the Account Agreement and the Opt-in Agreement are
the same for all putative class members. Further, Defendant
BOH's assessment of overdraft fees based on the available account
balance was automatic and uniform for all of its customers.
Because Defendant BOH's conduct in assessing fees and using the
contracts at issue was consistent for all class members and the
applicable legal standard is objective, the issue regarding
whether Defendant BOH's conduct was deceptive is capable of

classwide resolution.   The Court finds that Plaintiff has
satisfied the commonality requirement for class certification as
to his Chapter 480 claims.

Regarding typicality, Defendant BOH argues that
Plaintiff's Chapter 480 claims are not typical because Plaintiff
did not change his banking practices and continued to incur
overdraft fees after he knew that Defendant BOH used the
available balance to assess those fees.   See ECF No. 146 at 25-
26.   As noted above, the determination under Hawaii law regarding
whether a particular act or practice is deceptive is objective.
See Courbat, 141 P.3d at 436.   Because "Hawaii's consumer
protection laws look to a reasonable consumer, not the particular
consumer," the Court finds that Plaintiff's Chapter 480 claims,
which are based on Defendant BOH's uniform contract language and
conduct, are typical.   See Yokoyama, 594 F.3d at 1092.

In its Opposition, Defendant BOH appears to argue that
Plaintiff is also asserting claims under Chapter 480 related to
other representations made by Defendant BOH to its customers.
See ECF No. 146 at 9-10, 28-32.   Based on the Court's review of
the complaint, Plaintiff's Chapter 480 claims are based on
Defendant BOH's conduct in assessing overdraft fees and in using
the Account Agreement and Opt-in Agreement that contained the
overdraft provisions at issue.   See ECF No. 6-5.   The Court makes
no commonality or typicality findings regarding claims that may
be based on other representations made by Defendant BOH to its

customers.

  **c. Violation of Regulation E**

   Third, regarding the Regulation E claim, Plaintiff
alleges that Defendant BOH violated Regulation E because the
Opt-in Agreement did not accurately describe Defendant BOH's
overdraft service in a clear and readily understandable way and,
instead, implemented a practice contrary to its description.  ECF
No. 131-1 at 26.  In its Opposition, Defendant BOH does not argue
that commonality is lacking as to this claim, but instead argues
that predominance is not met, which is addressed below.  See ECF
No. 146 at 38.  As noted above, the relevant provision in the
Opt-in Agreement is the same for all putative class members and
Defendant BOH's assessment of overdraft fees based on the
available account balance was uniform.  Accordingly, the Court
finds that the question of whether the Opt-in Agreement
accurately described Defendant BOH's overdraft service in a clear
and readily understandable way is sufficient to satisfy the
commonality requirement for class certification for the
Regulation E claim.

   Likewise, the Court finds that Plaintiff's Regulation E
claim is also typical.  Defendant BOH's argument that Plaintiff's
Regulation E claim is not typical because of the proof required
to recover actual damages, see ECF No. 146 at 26 n.2, is
addressed in the Court's predominance discussion below.  Because

Plaintiff's Regulation E claim is based on uniform contract language and Defendant BOH's consistent conduct in assessing fees, the Court finds that Plaintiff's claim is typical.

### 3. Adequacy of Representation

Courts must ask two questions in determining whether the named plaintiffs will fairly and adequately protect the interests of the class: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Staton, 327 F.3d at 957 (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997).

Here, aside from the issues addressed in the discussion of typicality above, Defendant BOH does not raise any issues regarding Plaintiff's adequacy as a class representative. See ECF No. 146. Further, Defendant BOH does not dispute the adequacy of Plaintiff's counsel. See id.

Based on the record before the Court, Plaintiff has diligently litigated this action to date and does not appear to have any conflict with the potential class members. Plaintiff's counsel has significant experience acting as class counsel and

has worked diligently to identify and investigate the claims in this action and effectively represent their client.  See ECF No. 131-1 at 28-29.  Plaintiff and Plaintiff's counsel do not appear to have any conflict that would preclude them from representing the class.  Accordingly, the Court finds that Plaintiff has met the adequacy of representation requirement.

In conclusion, the Court finds that Plaintiff has demonstrated numerosity, commonality, typicality, and adequacy of representation.

### B.  Rule 23(b)

Because the Court has found that Plaintiff has met the four threshold requirements for class certification, the Court must now consider whether the requirements of Rule 23(b) are also met.  Plaintiff argues that the proposed classes meets the requirements of Rule 23(b)(3).  ECF No. 131-1 at 29-44.  Rule 23(b)(3) presents two additional requirements for certification: predominance and superiority.  Yokoyama, 594 F.3d at 1090 n.1; Poulos v. Caesars World, Inc., 379 F.3d 654, 664 (9th Cir. 2004).

### 1. Predominance

"The predominance inquiry of Rule 23(b)(3) asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'"  In re Wells Fargo Home Mortg. Overtime Pay Litig., 571 F.3d 953, 957 (9th Cir. 2009) (quoting Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las

Vegas Sands, Inc., 244 F.3d 1152, 1162 (9th Cir. 2001)).  Unlike

Rule 23(a)(2), the predominance requirement does not look at the

mere existence of common issues.  Rather, the common issues must

be "a significant aspect of the case and they [must] be resolved

for all members of the class in a single adjudication."  Las

Vegas Sands, 244 F.3d at 1162 (citation omitted).

       First, regarding the breach of contract claims, the

Court finds that Defendant BOH's liability depends on significant

legal and factual issues that are the same for Plaintiff and the

proposed class members.  Defendant BOH argues that common issues

do not predominate because parole evidence regarding each class

member's knowledge and intent must be considered in resolving the

ambiguous contract terms.  ECF No. 146 at 34-38.  In denying

Defendant BOH's motion to dismiss, the district court held that

the relevant terms in the agreements are ambiguous.  See ECF No.

41 at 17-19 ("the Agreements are ambiguous as to the balance

computation method used to determine overdraft fees").  Under

Hawaii law, if there is contract ambiguity "parol evidence is

admissible to explain the intent of the parties, and intent then

becomes a question for the trier of fact."  Sealaska

Constructors, LLC v. Walsh RMA Joint Venture, No. CIV. 13-00020

JMS, 2014 WL 1569454, at *8 (D. Haw. Apr. 16, 2014) (citation

omitted).  Although parol evidence may be used to determine

intent, the Court finds that significant common issues still

14

predominate.  Similar breach of contract claims were asserted

against T.D. Bank, N.A. in multidistrict class action litigation

in the District of South Carolina.  See In re TD Bank, N.A. Debit

Card Overdraft Fee Litig., 325 F.R.D. 136 (D.S.C. 2018).  In

rejecting the defendant bank's argument that individual issues

would predominate with the introduction of extrinsic evidence

regarding ambiguous contract terms, the district court held that

much of the relevant extrinsic evidence would be the defendant

bank's uniform documents, disclosures, and practices.  Id. at

157.  The Court finds this analysis persuasive.  Here, there is

no dispute that Defendant BOH applied the same overdraft policy

to all class members regardless of the individual class members'

understanding or intent regarding the provisions at issue.  Based

on the information before the Court, most of the extrinsic

evidence that would be relevant to resolving this ambiguity is

uniform for all class members.  Specifically, the disclosures

that Defendant BOH provided to its customers regarding overdraft

fees during the relevant time period that may be considered in

resolving ambiguity were standardized mailings, emails, and

website content.  See ECF No. 146 at 29-30.  Further, as noted by

Plaintiff in his Reply, Defendant BOH testified that its branch

employees went through a training program that included

standardized information regarding its overdraft policy.  ECF No.

150 at 13 n.3.  Because most of the extrinsic evidence that would

be relevant to resolving the contract ambiguity would apply across the entire class, the Court finds that common issues predominate Plaintiff's contract claims.

Second, regarding Plaintiff's Chapter 480 claims, the Court rejects Defendant BOH's argument that the court must examine each customer's "individualized experiences" in order to determine whether its assessment of overdraft fees and use of the Account Agreement and Opt-in Agreement that contained the overdraft provisions at issue were deceptive.  See ECF No. 146 at 28-32.  As discussed above, the determination of whether information is deceptive is an objective inquiry under Hawaii law.  See Courbat, 141 P.3d at 435.  Further, Hawaii law does not require plaintiffs to prove actual deception in order to prevail under Chapter 480 because "the capacity to deceive is sufficient."  State by Bronster v. U.S. Steel Corp., 919 P.2d 294, 313 (Haw. 1996) (quoting Eastern Star, Inc. v. Union Building Materials Corp., 712 P.2d 1148 (Haw. Ct. App. 1985)). The Court finds that significant common issues regarding whether Defendant BOH engaged in unfair and deceptive practices by assessing overdraft fees and using the standardized agreements predominate.

Finally, regarding the Regulation E claim, the Court finds that common issues predominate.  As discussed above, Defendant BOH's conduct in assessing fees and using the contracts

16

at issue was consistent for all class members.  The scheme for determining statutory damages does not require an individualized showing by each class member.  _See_ 15 U.S.C. §§ 1693m(a)(2)(B), (b)(2).  To recover actual damages, a plaintiff "must show a causal connection between the EFTA violation and the claimed actual damages."  _Stearns v. Ticketmaster Corp._, 655 F.3d 1013, 1026 (9th Cir. 2011), _abrogated on other grounds as recognized in_ _Green v. Fed. Exp. Corp._, 614 F. App'x 905, 906 (9th Cir. 2015). As noted by other district courts, there is no controlling authority requiring an individualized showing of reliance to prove actual damages under the EFTA.  _See_, _e.g._, _Kemply v._ _Cashcall, Inc._, No. 08-CV-03174-MEJ, 2016 WL 1055251, at *13 (N.D. Cal. Mar. 16, 2016) (denying actual damages in a certified class action related to EFTA violations related to the defendant extending credit based on electronic transfers); _Friedman v. 24_ _Hour Fitness USA, Inc._, No. CV 06-6282 AHM (CTX), 2009 WL 2711956, at *11 (C.D. Cal. Aug. 25, 2009) (granting class certification on a claim for actual damages for violation of the EFTA related to electronic transfers); _contra_ _In re TD Bank, N.A._ _Debit Card Overdraft Fee Litig._, 325 F.R.D. at 165 ("a majority of district courts that have considered such a claim have held that proof of causation requires detrimental reliance."). Because Defendant BOH's conduct was consistent for all class members and there is no controlling authority requiring an

individualized showing of reliance to recover actual damages, the
Court finds that common issues predominate as to Plaintiff's
claim for violation of Regulation E.

### 2. Superiority

Rule 23(b)(3) sets forth a non-exhaustive list of
factors that courts should consider in determining superiority:

> (A) the class members' interests in
> individually controlling the prosecution or
> defense of separate actions;
>
> (B) the extent and nature of any litigation
> concerning the controversy already begun by or
> against class members;
>
> (C) the desirability or undesirability of
> concentrating the litigation of the claims in
> the particular forum; and
>
> (D) the likely difficulties in managing a
> class action.

Fed. R. Civ. P. 23(b)(3).

First, Plaintiff contends that class members have
minimal interest in individually controlling the prosecution of
these claims in separate actions because the amount of an
individual overdraft fee is minimal.  See ECF No. 131-1 at 44.
Second, the Court is not aware of any other actions pending
asserting similar claims against Defendant BOH on behalf of the
proposed class in this action.  Third, there is no dispute that
Hawaii is the proper venue for this litigation.  Fourth, the
parties do not indicate that there are any anticipated
difficulties in managing this class action.  Finally, Defendant

18

BOH does not challenge Plaintiff's assertions regarding these factors. <u>See</u> ECF No. 146.  The Court finds that all of the factors to be considered weigh in favor of certifying the proposed classes.  Accordingly, the Court concludes that the superiority requirement is satisfied.

Because Plaintiff has satisfied both the predominance and superiority requirements, the Court finds that class certification under Rule 23(b)(3) is appropriate.

## C.  Class Definitions

As noted above, Plaintiff requests that the Court certify two classes of plaintiffs to be defined as follows:

> **The Sufficient Funds Class**:  All persons who have or have had accounts with BOH who incurred overdraft fees for transactions when the real balance in the checking account was sufficient to cover the transactions from September 9, 2015, through September 30, 2017.

> **The Regulation E Class:**  All persons who have or have had accounts with BOH who incurred overdraft fees for ATM or nonrecurring debit card transactions occurring from September 9, 2015, through September 30, 2017, who were opted-in using an Opt-in Agreement that defined an overdraft as "when you do not have enough money in your account to cover a transaction, but we pay it anyway."

ECF No. 131-1 at 22.  In its Opposition, Defendant BOH argues that the proposed classes are overbroad.  ECF No. 146 at 39-43.

First, the Court declines to address Defendant BOH's argument that the Sufficient Funds Class should exclude customers who were charged an overdraft fee when their current balances

19

could cover a transaction prior to January 2015.  <u>See</u> id. at 39–
40.  As noted in the Opposition, this issue is currently before
the district court on the pending motion for summary judgment.
<u>Id.</u>  To the extent the district court rules in favor of Defendant
BOH on that issue, this issue may be revisited.

Second, the Court rejects Defendant BOH's argument that
both classes are overbroad because Plaintiff cannot determine
whether class members actually paid the assessed fee.  <u>See</u> <u>id.</u> at
40–41.  Defendant BOH contends that the parties will have to
undertake a manual analysis of each account to determine whether
each class member actually paid an overdraft fee.  <u>Id.</u>  Although
this may be a factor in determining whether Plaintiff has
adequately proven damages or whether Defendant BOH has proven its
defenses, the Court is not persuaded that this defeats class
certification or requires narrower class definitions.

Third, Defendant BOH argues that the Regulation E Class
is overbroad because Defendant BOH cannot "programmatically
distinguish" between recurring and nonrecurring debit card
transactions.  ECF No. 146 at 42.  The Court is unpersuaded that
the class definition is overbroad based on this fact.  As noted
above, the class definition already states that it includes
individuals who incurred fees for "nonrecurring debit card
transactions."  Although Defendant BOH may have to manually
review transactions to avoid liability, this is not sufficient to

defeat the proposed class definition that appropriately limits the class to individuals who incurred overdraft fees for nonrecurring transactions.

Fourth, Defendant BOH contends that the Sufficient Funds Class period is too long because Defendant BOH sent a change in terms notice to its customers in June 2017, which contained sufficient disclosure language. ECF No. 146 at 17, 42-43; ECF No. 146-13. However, the parties disagree regarding the effective date of those changes. Plaintiff states that the effective date is September 2017 based on the date that the new contract went into effect. See ECF No. 150 at 25 n.11. The copy of the notice attached to Defendant BOH's opposition states that the effective date of the changes is August 1, 2017. See ECF 146-13 at 2. Based on the information before the Court, the Court finds that it is appropriate to limit the Sufficient Funds Class to the time period of September 9, 2015, through August 1, 2017.

Finally, Defendant BOH contends, and Plaintiff appears to concede, that the Regulation E Class should be limited to March 1, 2017, for customers who opted in on or after that date, which is the date that Defendant BOH changed its Regulation E opt-in form. See ECF No. 146 at 43; ECF No. 150 at 25 n.11. The Court agrees and modifies the Regulation E Class definition accordingly.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion for Class Certification be GRANTED IN PART AND DENIED IN PART as follows:

(1) The Court CERTIFIES the instant case as a class action;

(2) The Court CERTIFIES the following two classes:

**The Sufficient Funds Class**:  All persons who have or have had accounts with BOH who incurred overdraft fees for transactions when the real balance in the checking account was sufficient to cover the transactions from September 9, 2015, through August 1, 2017.

**The Regulation E Class:**  All persons who have or have had accounts with BOH who incurred overdraft fees for ATM or nonrecurring debit card transactions occurring from September 9, 2015, through September 30, 2017, who were opted-in using an Opt-in Agreement that defined an overdraft as "when you do not have enough money in your account to cover a transaction, but we pay it anyway," except for persons who have or have had accounts with BOH who opted in on or after March 1, 2017, using the modified opt-in agreement.

(3) The Court APPOINTS Rodney Smith as the class representative;

(4) The Court APPOINTS Bronster Fujichaku Robbins, A Law Corporation, McCune Wright Arevalo, LLP, and The Kick Law Firm, APC as class counsel;

(5) The Court ORDERS the parties to meet and confer no later than 30 days after the district court acts on this Findings and Recommendation to agree on:  the proposed notice to potential class members and the most practicable procedure under the circumstances to provide notice of the instant case to those class members.  The proposed notice to the class and the proposed distribution plan shall be submitted for the Court's approval no later than 45 days after the district court acts on this Findings and Recommendation; and

(6) The Court DENIES the remaining relief requested in Plaintiff's Motion for Class Certification.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 30, 2018.



Richard L. Puglisi
United States Magistrate Judge

**SMITH V. BANK OF HAWAII, ET AL.**, CIVIL NO. 16-00513 JAO-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION