Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

*Rodney Smith v. Bank of Hawaii,*

**United States District Court for the District of Hawaii**

Case No. **16-00513 JMS-WRP**

## PREAMBLE

This Settlement Agreement and Release (the "Agreement") is entered into by and among plaintiff Rodney Smith ("Named Plaintiff") and all those on whose behalf he is prosecuting this action (each of them a "Plaintiff" and all of them "Plaintiffs"), on the one hand, and defendant Bank of Hawaii ("Defendant"), on the other hand, as of the date executed below.  All references in this Agreement to a "party" or the "parties" shall refer to a party or the parties to this Agreement.

## RECITALS

A.     On September 9, 2016, Named Plaintiff Smith filed a putative class action complaint entitled *Smith v. Bank of Hawaii,* in state court for the State of Hawaii. On September 13, 2016, Named Plaintiff Smith filed the operative amended complaint ("Amended Complaint"). Named Plaintiff alleges claims for violations of Hawaii's Unfair and Deceptive Practices Act, breach of contract, including the covenant of good faith and fair dealing, unjust enrichment/restitution, money had and received, and violations of the Electronic Fund Transfer Act.

B.     On September 19, 2016, Defendant removed the case to federal court, Case No. 16-1-1712-09GWBC.

C.     On December 11, 2017, Defendant filed a motion for summary judgment ("First Motion for Summary Judgment").  On April 5, 2018, the Court granted in part and denied in part the First Motion for Summary Judgment. The Court limited Plaintiff's claims to overdraft fees assessed after September 9, 2015.

D.     On October 22, 2018, Named Plaintiff filed his Motion for Class Certification. On January 30, 2019, the Magistrate Judge issued findings and recommendations. Defendant objected to the findings and recommendation.   The Court adopted certain of the findings and recommendations.  The Court's Order Adopting Magistrate Recommendations Regarding Class Certification defined the Sufficient Funds Class as "all persons who have or have had accounts with BOH who incurred overdraft fees for transactions from September 9, 2015, through September 30, 2017," and the Regulation E Class as "[a]ll person who have or have had accounts with BOH who incurred overdraft fee(s) for ATM or nonrecurring debt card transactions occurring from September 9, 2015, through September 20, 2017, who were opted-in using an Opt-in Agreement that defined an overdraft as 'when you do not have enough money in your account to cover a transaction, but we pay it anyway.'"

E.     Defendant has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Amended Complaint, and to avoid the burden, risk, uncertainty, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to or concede any of the allegations made in the Amended Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Amended Complaint. Nothing contained in this Agreement shall be used or construed as an admission of fault, wrongdoing or liability and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of fault,

1

liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

K.        Named Plaintiff has entered into this Agreement to liquidate and recover on the claims asserted in the Amended Complaint, and to avoid the risk, delay, and uncertainty of continued litigation.  Named Plaintiff does not in any way concede the claims alleged in the Complaint lack merit or are subject to any defenses.

## AGREEMENT

**NOW**, **THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and are an integral part of this Agreement, and in consideration of the mutual promises below, the parties agree as follows:

**1.**        **DEFINITIONS.** In addition to the definitions contained elsewhere in this Agreement, the following definitions shall apply:

(a)        "Bar Date to Object" will be the date set by the Court as the deadline for Class Members to file an Objection, and shall be approximately fifteen (15) days after the filing of the Motion for Final Approval.

(b)        "Bar Date to Opt Out" shall be the date set by the Court as the deadline for Class Members to opt out. The Bar Date shall be thirty (30) days after the date the Notice (defined below) must be sent to the Class Members.

(c)        "Claims Administrator" shall mean the entity that will provide the notice and other administrative handling this Settlement Agreement. Class Counsel shall request bids from at least two separate claims administrators and the one providing the lowest bid shall be selected.

(d)        "Class Counsel" shall mean Margery S. Bronster and Robert M. Hatch of Bronster Fujichaku Robbins, Richard D. McCune of McCune Wright Arevalo LLP, and Taras Kick of The Kick Law Firm, APC.

(e)        "Class Member" shall mean any member of Defendant who is in either the Regulation E Class, the Sufficient Funds Class, or the Dismissed Sufficient Funds Class.

(f)        "Amended Complaint" shall mean the Amended Complaint filed on September 13, 2016.

(g)        "Court" shall mean the District Court for the District of Hawaii.

(h)        "Defendant's Counsel" shall mean Paul Alston, Nickolas A. Kacprowski, and Kristin L. Holland of Dentons US LLP and Stuart M. Richter and Andrew J. Demko of Katten Muchin Rosenman LLP.

2

(i)     "Dismissed Sufficient Funds Class" shall mean those members of Defendant who paid a Sufficient Funds Overdraft Charge from September 9, 2010, through September 8, 2015 that was not refunded.

(j)     "Dismissed Sufficient Funds Overdraft Charges" shall mean overdraft fees that were paid by any member of the Dismissed Sufficient Funds Class from September 9, 2010, through September 8, 2015, which were not refunded, when there was enough money in the customer's account to cover the transaction in question if holds placed on deposits and pending debit card transactions were not deducted from the amount in the account.

(k)     "Effective Date" shall be thirty (30) days after the entry of the Final Approval Order (defined below) provided no objections are made to this Agreement. If there are objections to the Agreement, then the Effective Date shall be the later of: (1) thirty (30) days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (2) if appeals are taken from the Final Approval Order, then thirty (30) days after an Appellate Court ruling affirming the Final Approval Order; or (3) thirty (30) days after entry of a dismissal of the appeal.

(l)     "Eligible Overdraft Fee" shall mean "Regulation E Overdraft Charges" and "Sufficient Funds Overdraft Charges" and "Dismissed Sufficient Funds Overdraft Charges" that were not reversed within 30 days after they were assessed.

(m)     "Exclusion Letter" shall mean a letter by a Class Member who elects to opt out of this Agreement.

(n)     "Final Approval Hearing Date" shall be the date set by the Court for the hearing on any and all motions for final approval of this Agreement.

(o)     "Final Approval Order" shall mean the Order and Judgment approving this Agreement issued by the Court at or after the Final Approval Hearing Date.

(p)     "Final Report" shall mean the report prepared by the Claims Administrator of all receipts and disbursements from the Settlement Fund, as described in Section 10, below.

(q)     "Motion for Final Approval" shall mean the motion or motions filed by Class Counsel, as referenced in Section 6, below.

(r)     "Net Settlement Fund" shall mean the net amount of the Settlement Fund after payment of court approved attorneys' fees and costs, any court approved service award and the costs of Notice, and any fees paid to the Claims Administrator.

(s)     "Notice" shall mean the notice to Class Members of the settlement provided for under the terms of this Agreement, as ordered by the Court in its Preliminary Approval/Notice Order (defined below) and shall refer to the form of Notices attached hereto as Exhibit 1.

(t)     "Preliminary Approval/Notice Order" shall mean the Order issued by the Court preliminarily approving this Agreement and authorizing the sending of the Notice to Class Members, as provided in Sections 4 and 5, below.

3

(u)    "Regulation E Class" shall mean those customers of Defendant who opted in prior to March 1, 2017, and who from September 9, 2015, through September 30, 2017, paid an overdraft fee on a non-recurring debit card or ATM transaction that was not refunded.

(v)    "Regulation E Overdraft Charges" shall mean overdraft fees that were paid by the Certified Regulation E Class members from September 9, 2015, through September 30, 2017.

(w)    "Settlement Fund" shall mean the eight million dollars ($8,000,000.00), plus any accrued interest, to be paid by Defendant under the terms of this Agreement.

(x)    "Sufficient Funds Class" shall mean those customers of Defendant who, between September 9, 2015 and August 1, 2017, paid a Sufficient Funds Overdraft Charge that was not refunded.

(y)    "Sufficient Funds Overdraft Charges" shall mean overdraft fees that were paid by any member of the Sufficient Funds Class from September 9, 2015 to August 1, 2017 when there was enough money in the customer's account to cover the transaction in question if holds placed on deposits and pending debit card transactions were not deducted from the amount in the account.

(z)    "Uncollected Overdraft Fees" shall mean any overdraft fees assessed but not paid from September 9, 2010 to August 1, 2017.

(aa)    "Value of the Settlement" shall mean the Settlement Fund plus the Uncollected Overdraft Fees.

**2.    CHANGE IN ACCOUNT DISCLOSURES**. As a result of this lawsuit, effective August 1, 2017, Defendant changed its customer account agreement and other disclosures to more clearly disclose its overdraft practices, including how the impact of holds on potential overdraft fees.

**3.    CLASS ACTION SETTLEMENT**. Plaintiff shall propose and recommend to the Court that settlement classes be certified, which classes shall be comprised of the Class Members. Defendant agrees solely for purposes of the settlement provided for in this Agreement, and the implementation of such settlement, that this case shall proceed as a class action; provided, however, that if a Final Approval Order is not issued, then Defendant shall retain all rights to object to maintaining this case as a class action. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion relating to certification of a liability class.

**4.    PRELIMINARY SETTLEMENT APPROVAL**. Class Counsel shall use reasonable efforts to file a motion seeking a Preliminary Approval/Notice Order by November 25, 2019. The Preliminary Approval/Notice Order shall provide for: preliminary approval of this Agreement, provisional certification of each class for settlement purposes, appointment of Class Counsel as counsel to the provisionally certified classes, and the requirement that the Notice be given to the Class Members as provided in Section 5, below (or as otherwise determined by the Court).

## 5. NOTICE TO THE CLASSES.

(a) The Claims Administrator shall send the Notice to all Class Members as specified by the Court in the Preliminary Approval/Notice Order.

(b) For those Class Members who are current customers of Defendant and have agreed to receive notices regarding their accounts from Defendant electronically, Defendant shall provide the Claims Administrator with the most recent email addresses it has for these Class Members. The Claims Administrator shall email an Email Notice to each such Class Member's last known email address, in a manner that is calculated to avoid being caught and excluded by spam filters or other devices intended to block mass email. For any emails that are returned undeliverable, the Claims Administrator shall use the best available databases to obtain current email address information for class members, update its database with these emails, and resend the Notice. The Email Notice shall inform Class Members how they may request a copy of the Long Form Notice.

(c) For those Class Members who are not current customers of Defendant or who have not agreed to receive electronic notices regarding their accounts from Defendant, the Notice shall be mailed to these Class Members by first class United States mail to the best available mailing addresses. Defendant shall provide the Claims Administrator with last known mailing addresses for these Class Members. The Claims Administrator will run the names and addresses through the National Change of Address Registry and update as appropriate. If a mailed Notice is returned with forwarding address information, the Claims Administrator shall re-mail the Notice to the forwarding address. For all mailed Notices that are returned as undeliverable, the Claims Administrator shall use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, the Claims Administrator shall re-mail the Notice to the address identified in the skip trace, as soon as reasonably practicable after the receipt of the returned mail.

(d) The Notice shall also be posted on a settlement website created by the Claims Administrator.

(e) The Claims Administrator shall maintain a database showing mail and email addresses to which each Notice was sent and any Notices that were not delivered by mail and/or email. A summary report of the Notice shall be provided to the Parties at least five (5) days prior to the deadline to file the Motion for Final Approval. The database maintained by the Claims Administrator regarding the Notice shall be available to the parties and the Court upon request. It shall otherwise be confidential and shall not be disclosed to any third party. To the extent the database is provided to Class Counsel, it shall be used only for purposes of implementing the terms of this Agreement, and shall not be used for any other purposes.

(f) The Notice shall be in a form approved by the Court and, substantially similar to the notice form attached hereto as Exhibit 1. The parties may by mutual written consent make non-substantive changes to the Notice without Court approval.

5

(g)    All costs associated with publishing, mailing and administering the Notice as provided for in this Section, and all costs of administration including, but not limited to, the Claims Administrator's fees and costs shall be paid out of the Settlement Fund.

6.    **MOTION FOR FINAL APPROVAL**. Within a reasonable time after the Bar Date to Opt Out, and provided the conditions in Section 16, below, are satisfied, Class Counsel shall file a Motion for Final Approval of this Agreement so that same can be heard on the Final Approval Hearing Date.

7.    **ENTRY OF JUDGMENT**. The Final Approval Order shall constitute the Court's final judgment in this action. The Court shall retain jurisdiction to enforce the terms of the Final Approval Order.

8.    **THE SETTLEMENT FUND AND DISTRIBUTION.**

(a)    Payments to Class Members. Within ten (10) days after entry of the Preliminary Approval/Notice Order, Defendant shall transfer the Settlement Fund to the Claims Administrator, less the total amount that will be credited to Class Members by Defendant, as provided in subsection 8(d)(iv), below. The Settlement Fund shall be the total amount Defendant is obligated to pay under the terms of this Agreement and includes (a) Class Counsels' fees and costs; (b) any service award payment to the Named Plaintiff; (c) costs associated with administering the Notice in accordance with Section 5, above; and (d) any fees paid to the Claims Administrator for services rendered in connection with the administration process. Defendant shall not make any additional or further contributions to the Settlement Fund, even if the total amount of all alleged improper fees charged to the Class Members exceeds the value of the Net Settlement Fund. In the event a Final Approval Order is not issued, or this Agreement is terminated by either party for any reason, including pursuant to Section 16, below, the portion of the Settlement Fund paid to the Claims Administrator (including accrued interest, if any) less expenses actually incurred by the Claims Administrator or due and owing to the Claims Administrator in connection with the settlement provided for herein, shall be refunded to Defendant within two (2) business days.

(b)    All funds held by the Claims Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until distributed pursuant to this Agreement.

(c)    All funds held by the Claims Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.

(d)    Payments shall be made from the Settlement Fund as follows:

(i)    Plaintiffs' Fees and Costs. Plaintiffs' reasonable attorneys' fees and costs, as determined and approved by the Court, shall be paid from the Settlement Fund ten (10) days after entry of the Final Approval Order. Class Counsel shall apply for an award of attorneys' fees of up to one-third (33-1/3%) of the Value of the Settlement, plus reimbursement of reasonable litigation costs, to be approved by the court. Defendant agrees not to oppose an application up to one-third (33-1/3%) of the Value of the Settlement, but

6

reserves the right to oppose an application for fees in excess of that amount. Should the judgment approving the settlement be reversed on appeal, Class Counsel shall immediately repay all fees and costs to Defendant; should the award of fees and costs be reduced on appeal, Class Counsel shall immediately repay into the Settlement Fund an amount equal to the reduction ordered by the appellate court.

(ii)     Service Award. Named Plaintiff may apply to the Court for a service award of up to fifteen thousand dollars ($15,000). Subject to the Court's approval, the service award shall be paid from the Settlement Fund ten (10) days after the Effective Date.

(iii)     Claims Administrator's Fees. The Claims Administrator's fees and costs, including estimated fees and costs to fully implement the terms of this Agreement, as approved by the Court, shall be paid within ten (10) days after the Effective Date.

(iv)

Payments to Class Members.  Of the $8,000,000 Settlement Fund, $6,500,000 (81.25%) is allocated to the "Sufficient Funds Class;" $500,000 (6.25%) is allocated to the "Regulation E Class;" and $1,000,000 (12.5%) is allocated to the "Dismissed Sufficient Funds Class." Based on this allocation, payments from the "Net Settlement Fund" shall be calculated as follows:

(1)     Members of the Sufficient Funds Class shall be paid per incurred Sufficient Funds Overdraft Charge calculated as follows:

(0.8125 of the Net Settlement Fund/Total Sufficient Funds Overdraft Charges) x Total Sufficient Funds Overdraft Charges paid by the member of the Sufficient Funds Class = Individual Payment

(2)     Members of the Regulation E Class who incurred Regulation E Overdraft Charges shall be entitled to make a claim for a refund of up to ten (10) such fees from that portion of the Net Settlement Fund allocated to the Regulation E Class (6.25%) and shall be provided a Claim Form with the Notice. The Claim Form shall indicate the number and amount of Regulation E Overdraft Charges assessed against each such member's accounts.  To the extent the 6.25% of the Net Settlement Fund allocated to pay Regulation E Overdraft Charges is not sufficient to make full payment for all such claims made, the money shall be distributed on a *pro rata* basis. If the total amount of Regulation E Overdraft Charges claimed through this claims process is less than the net amount allocated, the excess shall be paid to all members of

7

the Regulation E Class, not just those who made a claim, on a *pro rata* basis using the following formula:

(0.0625 of the Net Settlement Fund/Total Regulation E Overdraft Charges) x Total Regulation E Overdraft Charge paid by the member of the Regulation E Class = Individual Payment

(3)   Members of the Dismissed Sufficient Funds Class who incurred Dismissed Sufficient Funds Overdraft Charges shall be entitled to make a claim for a refund of up to ten (10) such fees from that portion of the Net Settlement Fund allocated to the Dismissed Sufficient Funds Class (12.5%) and shall be provided a Claim Form with the Notice.  The Claim Form shall indicate the number and amount of Dismissed Sufficient Funds Overdraft Charges assessed against each such member's accounts.  To the extent the 12.5% of the Net Settlement Fund allocated to pay Dismissed Sufficient Funds Overdraft Charges is not sufficient to make full payment for all such claims made, the money shall be distributed on a *pro rata* basis.  If the total amount of Dismissed Sufficient Funds Overdraft Charges claimed through this claims process is less than the net amount allocated, the excess shall be paid to all members of the Dismissed Sufficient Funds Overdraft Class, not just those who made a claim, on a *pro rata* basis using the following formula:

(0.125 of the Net Settlement Fund/Total Dismissed Sufficient Funds Overdraft Charges) x Total Dismissed Sufficient Funds Overdraft Charge paid by the member of the Dismissed Sufficient Funds Class = Individual Payment

(4)   Class Members who were not assessed either a Regulation E Overdraft Charge or a Dismissed Sufficient Funds Overdraft Charge shall not receive a Claim Form.

(5)   Because members of the Sufficient Funds Class may also be members of the Regulation E Class, there may be circumstances where Sufficient Funds Overdraft Charges will also be Regulation E Overdraft Charges. To prevent Class Members from recovering more than the fees they paid, Class Members shall not be entitled to recover more for each allegedly improper fee than the actual amount charged for such fee. Thus, if a Class Member was charged $37 for an Eligible Overdraft Fee which is a Regulation E Overdraft Charge and is also a Sufficient Funds Overdraft Charge, then

8

that member shall only be entitled to recover at most $37 for that fee.  Any amount payable to a member in excess of $37 or a fee, shall be re-allocated to the Sufficient Funds Class.

(6)   Payments to individual class members ("Individual Payments") shall be made no later than ten (10) days after the Effective Date, as follows:

For those Class Members who are customers of Defendant at the time of the distribution of the Net Settlement Fund, any checking or savings account they are then maintaining at Defendant, held by them individually, shall be credited in the amount of the Individual Payment they are entitled to receive.

(7)   For those Class Members who are not customers of Defendant at the time of the distribution of the Net Settlement Fund, they shall be sent a check by the Claims Administrator at the address used to provide the Notice, or at such other address as designated by the Class Member. The Class Member shall have one-hundred eighty (180) days to negotiate the check. Any checks uncashed after one-hundred eighty (180) days shall be distributed pursuant to Section 12.

(v)   In no event shall any portion of the Settlement Fund revert to Defendant.

9.   **UNCOLLECTED OVERDRAFT FEES**. Upon the occurrence of the Effective Date, Defendant shall forgive the Uncollected Overdraft Fees as defined in paragraph 1(z).  If any Uncollected Overdraft Fees are inadvertently collected after the Effective Date, then they shall be refunded by Defendant insofar as Defendant is aware of the Uncollected Overdraft Fees. If a customer with Uncollected Overdraft Fees attempts to open a new account or re-open a closed account, then Defendant shall not require payment of Uncollected Overdraft Fees as a condition to account opening insofar as Defendant is aware of the outstanding Uncollected Overdraft Fees

10.   **FINAL REPORT TO THE COURT**. Within two hundred (200) days after the Effective Date (or such other date set by the Court) , Class Counsel shall submit to the Court a Final Report, setting forth: (a) the amounts paid to Class Members by the Claims Administrator, (b) Any checks not cashed or returned; (c) the efforts undertaken to follow up on uncashed and/or returned checks; (d) the total amount of money unpaid to Class Members; and (e) the total amount of credits issued to Class Members by Defendant. Defendant shall provide a declaration under penalty of perjury setting forth the amount of the credits issued to Class Members. Class Counsel shall be entitled to verify credits by confidential review of a reasonable sample of Class Member account statements.

11.    **THE CLAIMS ADMINISTRATOR**.

(a)    The Claims Administrator shall execute a retainer agreement that shall provide, among other things, that the Claims Administrator shall be bound by and shall perform the obligations imposed on it under the terms of this Agreement. The retainer agreement shall include provisions requiring that all Class Member data shall be strictly confidential and secured by the Claims Administrator by means of recognized data security measures, and shall not be disclosed other than as provided for under the terms of this Agreement or as ordered by the Court.

(b)    The Claims Administrator shall be subject to the jurisdiction of the Court with respect to the administration of this Agreement.

(c)    The Claims Administrator shall keep all information regarding Class Members confidential except as otherwise provided herein. All data created and/or obtained and maintained by the Claims Administrator pursuant to this Agreement shall be destroyed twelve (12) months after the Final Report is submitted to the Court, provided that Class Counsel and Defendants Counsel, or either of them, at their own cost, shall receive a complete copy of the Claims Administrator's records, together with a declaration establishing completeness and authenticity, which they may maintain consistent with their own document retention policies.  To the extent Class Counsel receives a copy of the class list, it shall be subject to the protective order issued in this case and shall not be used for any purposes other than the implementation of this Agreement.

(d)    The Claims Administrator also shall be responsible for timely and properly filing all tax returns necessary or advisable, if any, with respect to the Settlement Fund.  Except as provided herein, Class Members shall be responsible for their own tax reporting of payments or credits received under the terms of this Agreement.

(e)    Claims Administrator shall provide the data in its claims administration database to Defendant's Counsel and/or Class Counsel in response to any written request, including an email request. The written request shall be copied to the other party when made. Such information shall be used only for purposes of the implementation of this Agreement.

(f)    Within one hundred ninety (190) days after the Effective Date or such other date as required by the Court, the Claims Administrator shall prepare a declaration setting forth the total payments issued to Class Members by the Claims Administrator, the total amount of any checks uncashed and/or returned, and the total amount of money being held by the Claims Administrator.

12.    **CY PRES PAYMENT.** Subject to Court approval, within thirty (30) days after the Final Report, the total amount of uncashed checks, and residual amounts held by the Claims Administrator at the time of the Final Report, shall be paid by the Claims Administrator to a 501(c) non-profit corporation approved by the Court and nominated by Plaintiff, which advocates on behalf of consumers including regarding issues such as those in this lawsuit, including in the Ninth Circuit and in Hawaii.

13.   **OPT-OUTS.**

(a)   A Class Member who wishes to exclude himself or herself from this Agreement, and from the release of claims and defenses provided for under the terms of this Agreement, shall submit an Exclusion Letter by mail to the Claims Administrator. For an Exclusion Letter to be valid, it must be postmarked on or before the Bar Date to Opt Out. Any Exclusion Letter shall identify the Class Member, state that the Class Member wishes to exclude himself or herself from the Agreement, and shall be signed and dated.

(b)   The Claims Administrator shall maintain a list of persons who have excluded themselves and shall provide such list to Defendant's Counsel and Class Counsel at least five (5) days prior to the date Class Counsel is required to file the Motion for Final Approval. The Claims Administrator shall retain the originals of all Exclusion Letters (including the envelopes with the postmarks). The Claims Administrator shall make the original Exclusion Letters available to Class Counsel, Defendant's Counsel and/or the Court upon two (2) court days' written notice.

14.   **OBJECTIONS.**

(a)   Any Class Member, other than a Class Member who timely submits an Exclusion Letter, may object to this Agreement.

(b)   To be valid and considered by the Court, the objection must be in writing and sent by first class mail, postage pre-paid, to the Claims Administrator. The objection must be postmarked on or before the Bar Date to Object, and must include the following information:

(i)   The objector's name, address, telephone number, the last four digits of his or her member number or former member number, and the contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case;

(ii)   A statement of the factual and legal basis for each objection and any exhibits the objector wishes the Court to consider in connection with the objection; and

(iii)   A statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address, and telephone number.

(c)   Class Counsel shall file any objections and responsive pleadings at least seven (7) days prior to the Final Approval Hearing Date.

15.   **GENERAL RELEASE.** Except as to the rights and obligations provided for under the terms of this Agreement, Named Plaintiff, on behalf of himself and each of the Class Members, hereby releases and forever discharges Defendant, and all of its past, present and future predecessors, successors, parents, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys, insurers and agents (collectively, the "Defendant Releasees") from any and all losses, fees, charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature,

11

character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Named Plaintiff and Certified and Dismissed Sufficient Funds Class Members and Regulation E Class Members who do not opt out now have, own or hold against any of the Defendant Releasees that arise out of and/or relate to the facts and claims alleged in the Amended Complaint, including claims relating to any overdraft fees assessed against said class members.

### 16.    CONDITIONS TO SETTLEMENT.

(a)    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

(i)    The Court has entered the Preliminary Approval/Notice Order, as required by Section 4 above;

(ii)    The Court has entered the Final Approval Order as required by Sections 6 and 7 above, and all objections, if any, to such Order are overruled, and all appeals taken from such Order are resolved in favor of approval; and

(iii)    The Effective Date has occurred.

(b)    If all of the conditions specified in Section 16(a) are not met, then this Agreement shall be cancelled and terminated.

(c)    Defendant shall have the option to terminate this Agreement if five percent (5%) or more of the Class Members opt out. Defendant shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this Section 16 within ten (10) business days after the Bar Date to Opt Out, or the option to terminate shall be considered waived.

(d)    In the event this Agreement is terminated, pursuant to Section 16(c) immediately above, or fails to become effective in accordance with Sections 16(a) and/or (b) immediately above, then the parties shall be restored to their respective positions in this case as they existed as of the date of the execution of this Agreement. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

### 17.    REPRESENTATIONS.

(a)    The parties to this Agreement represent that they have each read this Agreement and are fully aware of and understand all of its terms and the legal consequences thereof. The parties represent that they have consulted or have had the opportunity to consult with and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Agreement.

(b)    The parties have not relied on any representations, promises, or agreements other than those expressly set forth in this Agreement.

12

(c)     The Named Plaintiff, on behalf of the Class Members, represents that he has made such inquiry into the terms and conditions of this Agreement as he deems appropriate, and that by executing this Agreement, he, based on Class Counsel's advice, and his understanding of the case, believes the Agreement and all the terms and conditions set forth herein, are fair and reasonable to all Class Members.

(d)     The Named Plaintiff represents that he has no knowledge of conflicts or other personal interests that would in any way impact his representation of the class in connection with the execution of this Agreement.

(e)     Defendant represents and warrants that it has obtained all corporate authority necessary to execute this Agreement.

18.     **FURTHER ASSURANCES**. Each of the parties hereto agrees to execute and deliver all such further documents consistent with this Agreement, and to take all such further actions consistent with this Agreement, as may be required in order to carry the provisions of this Agreement into effect, subject to Class Counsel's obligation to protect the interests of the Class Members.

19.     **APPLICABLE LAW**. This Agreement shall be governed by and interpreted, construed, and enforced pursuant to the laws of the State of Hawaii.

20.     **NO ORAL WAIVER OR MODIFICATION**. No waiver or modification of any provision of this Agreement or of any breach thereof shall constitute a waiver or modification of any other provision or breach, whether or not similar. Nor shall any actual waiver or modification constitute a continuing waiver. No waiver or modification shall be binding unless executed in writing by the party making the waiver or modification.

21.     **ENTIRE AGREEMENT**. This Agreement, including the exhibit attached hereto, constitutes the entire agreement made by and between the parties pertaining to the subject matter hereof, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the parties hereto or their representatives pertaining to the subject matter hereof. No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.

22.     **BINDING ON SUCCESSORS**. This Agreement shall inure to the benefit of, and shall bind, each of the parties hereto and their successors.

23.     **SEVERABILITY**. In the event any one or more of the provisions of this Agreement is determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained in this Agreement will not in any way be affected or impaired thereby.

24.     **COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement. Facsimile and pdf signature pages shall have the same force and effect as original signatures.

**25.**    **NOTIFICATION**. Any notice to be given to Class Counsel and/or Named Plaintiff shall be sent by email as follows:

Margery S. Bronster
Robert M Hatch
Bronster Fujichaki Robbins
1003 Bishop Street, Suite 2300
Honolulu, HI 96813
Telephone: (808) 524-5644
mbronster@bfrhawaii.com
rhatch@bfrhawaii.com
- And—Richard D. McCune
McCune Wright Arevalo LLP
3281 E. Guasti Road, Ste. 100
Ontario, CA 91761
Telephone: (909) 557-1250
rdm@mccunewright.com

- And—

Taras Kick
The Kick Law Firm, APC
815 Moraga Drive
Los Angeles, California 90049
Telephone: (310) 395-2988
Taras@kicklawfirm.com

Any notice to be given to Defendant under the terms of this Agreement shall be sent by email as follows:

Stuart M. Richter
Andrew J. Demko
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone:  (310) 788-4400
stuart.richter@katten.com
andrew.demko@katten.com

- And -

Paul Alston
Nickolas A. Kacprowski
Kristin L. Holland
Dentons US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawaii 96813-3689
Phone No.: (808) 524-1800
paul.alston@dentons.com

14

nick.kacprowski@dentons.com
kristin.holland@dentons.com

Any notice to the Claims Administrator shall be sent by email to the address of the claims administrator, which will be determined by the lowest bid for services.

IN WITNESS WHEREOF, the parties have entered this Agreement as of the dates set forth below.

Dated: November 14, 2019

Bank of Hawaii, a Hawaii chartered bank

By: _Mark A. Rossi_

Its: _Vice Chairman and General Counsel_

Dated: DEC 0 6 2019

Rodney Smith, an individual on behalf of himself and those he represents

By: _____
Rodney Smith

**APPROVED AS TO FORM:**

Dated: November 14, 2019

KATTEN MUCHIN ROSENMAN LLP
Stuart M. Richter
Andrew J. Demko

DENTONS US LLP
Paul Alston
Nickolas A. Kacprowski
Kristin L. Holland

By: _Stuart M. Richter_

Stuart M. Richter
Attorneys for Defendant Bank of Hawaii

Dated: November 14, 2019

BRONSTER FUJICHAKU ROBBINS
Margery S. Bronster
Robert M. Hatch

McCUNE WRIGHT AREVALO LLP
Richard D. McCune

15

THE KICK LAW FIRM, APC
Taras Kick

By._____

       Richard D. McCune
Attorneys for Named Plaintiff Rodney Smith

# Exhibit 1

Rodney Smith
v.
Bank of Hawaii

### NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT

### READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!

### IF YOU HAVE OR HAD A CHECKING ACCOUNT WITH BANK OF HAWAII ("DEFENDANT") AND YOU WERE CHARGED AN OVERDRAFT FEE BETWEEN SEPTEMBER 9, 2010, AND AUGUST 1, 2017, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT

The District Court for the District of Hawaii has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **MAKE A CLAIM** | You may make a claim for up to potentially as many as twenty (20) overdraft fees which were paid by you on a debit card or ATM transaction if there was no refund of the overdraft fee regardless of the funds in your account. The number of such overdraft fees you may have incurred are shown on the Claim Form attached to this Notice. If you did not receive a Claim Form, then you have no eligible ATM or debit card fees of this type and therefore need not make a claim. You may still be entitled to payment for other Overdraft Fees which do not require a claim to be made. If you are eligible to make a claim for ATM and debit card fees, you should fill out and submit the Claim Form within thirty (30) days after receipt of this notice, or might not receive any funds. If the claims do not exceed the amount allocated for these overdraft fees you may receive a payment for these overdraft fees, but likely will receive more if you make a claim |
| **DO NOTHING** | Even if you do not make a claim, if you have incurred an Overdraft Fee on a debit card or ATM transaction, while your balance was sufficient to pay for the transaction, you will receive a payment from the Settlement Fund if you do not opt out. However, you may receive more if you receive a Claim Form and make a claim. |

17

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS** | You can choose to exclude yourself from the settlement or "opt out." This means you choose not to participate in the settlement. You will keep your individual claims against Bank of Hawaii but you will not receive a payment. If you exclude yourself from the settlement but want to recover against Bank of Hawaii, you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You can file an objection with the Court explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, then you will receive a payment and you will not be able to sue Bank of Hawaii for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |

These rights and options – *and the deadlines to exercise them* – along with the material terms of the settlement are explained in this Notice.

## BASIC INFORMATION

| 1. | What is this lawsuit about? |
|---|---|

The lawsuit that is being settled is entitled *Rodney Smith v. Bank of Hawaii* in the United States District Court for the District of Hawaii, Case No. 16-00513 JMS-WRP. The case is a "class action." That means that the "Named Plaintiff," Rodney Smith, is an individual who is acting on behalf of three groups. The first is all customers of Bank of Hawaii who were charged an overdraft fee for any payment transaction from September 9, 2015 through August 1, 2017, and at the time such fee was imposed, that person had sufficient funds in the balance in his or her account to complete the transaction, but not if holds which had been placed on pending debit card transactions and deposits were deducted from the balance. The second group is all customers of Bank of Hawaii who were charged an overdraft fee for any payment transaction from September 9, 2010 through September 8, 2015, and at the time such fee was imposed, that person had sufficient funds in the balance in his or her account to complete the transaction, but not if holds which had been placed on pending debit card transactions and deposits were deducted from the balance. The third group is all members of Bank of Hawaii who opted in to overdraft protection under Regulation E prior to March 1, 2017, and who were charged an overdraft fee for a non-recurring debit card or ATM transaction from September 9, 2015 through September 30, 2017. The persons in these groups are collectively called the "Class Members."

The Named Plaintiff claims Bank of Hawaii improperly charged overdraft fees when members had enough money in the ledger balances but not the available balances of their checking accounts to cover a transaction, and also alleges Bank of Hawaii did not properly opt customers into its overdraft program for debit card payment transactions. The operative Amended Complaint alleges claims for violations of Hawaii's Unfair and Deceptive Practices Act, breach of contract, including the covenant of good faith and fair dealing, unjust enrichment/restitution, money had and received, and violations of the Electronic Fund Transfer Act. The Named Plaintiff is seeking a refund of alleged improper overdraft fees charged to Class Member accounts. Bank of Hawaii does not deny it charged overdraft fees but contends it did so properly and in accordance with the terms of its agreements and applicable law. Bank of Hawaii maintains that its practices were and now are proper and properly disclosed to its customers, and therefore denies that its practices give rise to claims for damages by the Named Plaintiff or any Class Member.

| 2. | Why did I receive this Notice of this lawsuit? |

You received this Notice because Bank of Hawaii's records indicate that you were charged with one or more Eligible Overdraft Fees. The Court directed that this Notice be sent to all Class Members because each Class Member has a right to know about the proposed settlement and the options available to him or her before the Court decides whether to approve the settlement.

| 3. | Why did the parties settle? |

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Named Plaintiff's lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, these lawyers, known as Class Counsel, make this recommendation to the Named Plaintiff. The Named Plaintiff has the duty to act in the best interests of the class as a whole and, in this case, it is his belief, as well as Class Counsel's opinion, that this settlement is in the best interest of all Class Members for at least the following reasons:

There is legal uncertainty about whether a judge or a jury will find that Bank of Hawaii was contractually and otherwise legally obligated not to assess overdraft fees when the ledger balance was sufficient to pay for a transaction, and even if it was, there is uncertainty about whether the claims are subject to other defenses that might result in no or less recovery to Class Members. Even if the Named Plaintiff were to win at trial, there is no assurance that the Class Members would be awarded more than the current settlement amount and it may take years of litigation before any payments would be made. By settling, the Class Members will avoid these and other risks and the delays associated with continued litigation.

While Bank of Hawaii disputes the allegations in the lawsuit and denies any liability or wrongdoing, it enters into the settlement solely to avoid the expense, inconvenience, and distraction of further proceedings in the litigation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am part of the Settlement? |

If you received this notice, then Bank of Hawaii's records indicate that you are a Class Member who is entitled to receive a payment or credit to your account.

## YOUR OPTIONS

| 5. | What options do I have with respect to the Settlement? |
|----|--------------------------------------------------------|

You have four options: (1) file a claim with the claims administrator on the Claim Form attached to this Notice to recover for the Overdraft Fees you were charged for ATM and debit card transactions pertaining to the Claim Form (if you did not receive a Claim Form then you were not assessed any eligible ATM and debit card fees), (2) do nothing and you will receive a payment according to the terms of this settlement; (3) exclude yourself from the settlement ("opt out" of it); or (4) participate in the settlement but object to it. Each of these options is described in a separate section below.

| 6. | What are the critical deadlines? |
|----|----------------------------------|

The deadline for sending a Claim Form to the Claims Administrator is _____. If you do nothing, so long as you do not opt out or exclude yourself (described in Questions 16 through 18, below), a payment will be made to you, either by crediting your account if you are still a member of Bank of Hawaii or by mailing a check to you at the last address on file with Bank of Hawaii (or any other address you provide).

The deadline for sending a letter to exclude yourself from or opt out of the settlement is _____.

The deadline to file an objection with the Court is also _____.

| 7. | How do I decide which option to choose? |
|----|------------------------------------------|

If you do not like the settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this settlement, then you may want to consider opting out.

If you believe the settlement is unreasonable, unfair, or inadequate and the Court should reject the settlement, you can object to the settlement terms. The Court will decide if your objection is valid. If the Court agrees, then the settlement will not be approved and no payments will be made to you or any other Class Member. If your objection (and any other objection) is overruled, and the settlement is approved, then you will still get a payment.

If you want to participate in the settlement, and the Claim Form attached to this Notice indicates you were assessed Overdraft Fees which are eligible to make a claim, then you should fill out the Claim Form and return it as this might mean more money to you than if you do not make a claim. See Question 25, below. If you did not receive a Claim Form with this notice, then Bank of Hawaii's records indicate you were not assessed the type of Overdraft Fees for ATM withdrawals or debit card payments that are reimbursable under the claims portion of the settlement. In that case, you need not do anything and you will still receive a payment for other Overdraft Fees assessed if you do not opt out.

| 8. | What has to happen for the Settlement to be approved? |
|---|---|

The Court has to decide that the settlement is fair, reasonable, and adequate before it will approve it. The Court already has decided to provide preliminary approval of the settlement, which is why you received this Notice. The Court will make a final decision regarding the settlement at a "Fairness Hearing" or "Final Approval Hearing," which is currently scheduled for _____.

## THE SETTLEMENT PAYMENT

| 9. | How much is the Settlement? |
|---|---|

Bank of Hawaii has agreed to create a Settlement Fund of $8,000,000.00. In addition, Bank of Hawaii has agreed to forgive overdraft fees that were assessed from September 9, 2010 to September 31, 2017 but were not paid. Together these two are the Value of the Settlement.

As discussed separately below, attorneys' fees, litigation costs, a Service Award to the Named Plaintiff, and the costs paid to a third-party Claims Administrator to administer the settlement (including mailing and emailing this notice) will be paid out of the Settlement Fund. The balance of the Settlement Fund will be divided among all Class Members based on the amount of Eligible Overdraft Fees they paid.  The formula for distributing the settlement is described in the settlement agreement.

| 10. | How much of the settlement fund will be used to pay for attorney fees and costs? |
|---|---|

Class Counsel will request an attorney fee be awarded by the Court of not more than one-third of the Value of the Settlement. Class Counsel has also requested that it be reimbursed approximately $_____ in litigation costs incurred in prosecuting the case. The Court will decide the amount of the attorneys' fees and costs based on a number of factors, including the risk associated with bringing the case on a contingency basis, the amount of time spent on the case, the amount of costs incurred to prosecute the case, the quality of the work, and the outcome of the case.

| 11. | How much of the settlement fund will be used to pay the Named Plaintiff a Service Award? |
|---|---|

Class Counsel on behalf of the Named Plaintiff will request that the Court award him up to $15,000 for his role in securing this settlement on behalf of the class. The Court will decide if a Service Award is appropriate and if so, the amount of the award.

| 12. | How much of the settlement fund will be used to pay the Class Administrator's expenses? |
|---|---|

The Claims Administrator has agreed to cap its expenses as $_____.

| 13. | How much will my payment be? |
|---|---|

The balance of the Settlement Fund will be divided among all Class Members on a pro rata basis according to an allocation in the Settlement Agreement.  Current members of Bank of Hawaii will receive a credit to their accounts for the amount they are entitled to receive.  Former members of Bank of Hawaii shall receive a check from the Claims Administrator.

| 14. | Do I have to do anything if I want to participate in the Settlement? |
|---|---|

No. But if you received a Claim Form with this Notice and fill out the Claim Form and send it to the Administrator as provided in Question 25, below, you may receive a greater payment than if you do not make a claim. If you received this Notice but there is no Claim Form attached, then you will still be entitled to receive a payment without having to make a claim. Any amount you are entitled to under the terms of the settlement will be distributed to you unless you choose to exclude yourself from the settlement, or "opt out." Excluding yourself from the settlement means you choose not to participate in the settlement. You will keep your individual claims against Bank of Hawaii, but you will not receive a payment. In that case, if you choose to seek recovery against Bank of Hawaii, then you will have to file a separate lawsuit or claim.

| **15.** | **When will I receive my payment?** |
|---|---|

The Court will hold a Fairness Hearing (explained below in Questions 22-24) on _____, 2020 at _____ to consider whether the settlement should be approved. If the Court approves the settlement, then payments should be made or credits should be issued within about 40 to 60 days after the settlement is approved. However, if someone objects to the settlement, and the objection is sustained, then there is no settlement. Even if all objections are overruled and the Court approves the settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **16.** | **How do I exclude myself from the settlement?** |
|---|---|

If you do not want to receive a payment, or if you want to keep any right you may have to sue Bank of Hawaii for the claims alleged in this lawsuit, then you must exclude yourself, or "opt out."

To opt out, you **must** send a letter to the Claims Administrator that you want to be excluded. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Rodney Smith v. Bank of Hawaii* class action. Be sure to include your name, the last four digits of your member number or former member number, address, telephone number, and email address. Your exclusion or opt out request must be postmarked by _____, and sent to:

Rodney Smith v. Bank of Hawaii Claims Administrator
Attn:
ADDRESS OF THE CLAIMS ADMINISTRATOR

| **17.** | **What happens if I opt out of the settlement?** |
|---|---|

If you opt out of the settlement, you will preserve and not give up any of your rights to sue Bank of Hawaii for the claims alleged in this case. However, you will not be entitled to receive a payment from this settlement.

| **18.** | **If I exclude myself, can I obtain a payment?** |
|---|---|

No. If you exclude yourself, you will not be entitled to a payment.

## OBJECTING TO THE SETTLEMENT

| 19. How do I notify the Court that I do not like the settlement? |
| --- |

You can object to the settlement or any part of it that you do not like **IF** you do not exclude yourself, or opt out, from the settlement. (Class Members who exclude themselves from the settlement have no right to object to how other Class Members are treated.) To object, you **must** send a written document to the Claims Administrator at the address below. Your objection should say that you are a Class Member, that you object to the settlement, and the factual and legal reasons why you object, and whether you intend to appear at the hearing. In your objection, you must include your name, address, telephone number, email address (if applicable) and your signature.

All objections must be post-marked no later than _____, and must be mailed to the Claims Administrator as follows:

| **CLAIMS ADMINSTRATOR** |
| --- |
| Smith v. Bank of Hawaii Claims Administrator<br>Attn:<br>ADDRESS OF THE<br>CLAIMS<br>ADMINISTRATOR |

| 20. What is the difference between objecting and requesting exclusion from the settlement? |
| --- |

Objecting is telling the Court that you do not believe the settlement is fair, reasonable, and adequate for the class, and asking the Court to reject it. You can object only if you do not opt out of the settlement. If you object to the settlement and do not opt out, then you are entitled to a payment if the settlement is approved, but you will release claims you might have against Bank of Hawaii. Excluding yourself or opting out is telling the Court that you do not want to be part of the settlement, and do not want to receive a payment or release claims you might have against Bank of Hawaii for the claims alleged in this lawsuit.

| 21. What happens if I object to the settlement? |
| --- |

If the Court sustains your objection, or the objection of any other Class Member, then there is no settlement. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the settlement.

## THE COURT'S FAIRNESS HEARING

| 22. When and where will the Court decide whether to approve the settlement? |
| --- |

The Court will hold a Final Approval or Fairness Hearing at ___ on _____, 2020 at the District Court for the District of Hawaii, located at 300 Ala Moana Blvd. #C338, Honolulu, Hawaii 96850. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and expenses and how much the Named Plaintiff should get as a "Service Award" for acting as the class representative.

| 23. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted an objection, then you may want to attend.

| 24. | May I speak at the hearing? |
|---|---|

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 19, above, the statement, "I hereby give notice that I intend to appear at the Final Approval Hearing."

## SUBMIT A CLAIM

| 25. | How do I make a claim if I received a Claim Form? |
|---|---|

If you received a Claim Form, then you should use it to make a claim. It should be filled out, signed, and sent to the Claims Administrator.

All claims must be post-marked no later than _____, and must be mailed as follows:

**CLAIMS ADMINSTRATOR**
Smith v. Bank of Hawaii Claims Administrator
Attn:
ADDRESS OF THE CLAIMS
ADMINISTRATOR

## IF YOU DO NOTHING

| 26. | What happens if I do nothing at all? |
|---|---|

If you do nothing at all, and if the settlement is approved, then you may receive a payment that represents your share of the Settlement Fund net of attorneys' fees, Claims Administrator expenses, and the Named Plaintiff's Service Award. You will be considered a part of the class, and you will give up claims against Bank of Hawaii for the conduct alleged in this lawsuit. You will not give up any other claims you might have against Bank of Hawaii that are not part of this lawsuit.

24

## THE LAWYERS REPRESENTING YOU

| 27. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the lawyers and their law firms referred to in this notice as "Class Counsel" will represent you and the other Class Members.

| 28. | Do I have to pay the lawyer for accomplishing this result? |
|---|---|

No. Class Counsel will be paid directly from the Settlement Fund.

| 29. | Who determines what the attorneys' fees will be? |
|---|---|

The Court will be asked to approve the amount of attorneys' fees at the Fairness Hearing. Class Counsel will file an application for fees and costs and will specify the amount being sought as discussed above. You may review a physical copy of the fee application at the website established by the Claims Administrator, or by reviewing it at the Records Department of the District Court for the District of Hawaii, which is located at 300 Ala Moana Blvd. #C338, Honolulu, Hawaii 96850.

## GETTING MORE INFORMATION

This Notice only summarizes the proposed settlement. More details are contained in the settlement agreement, which can be viewed/obtained online at [WEBSITE] or at the Office of the Clerk of the United States District Court for the District of Hawaii, located at 300 Ala Moana Blvd. #C338, Honolulu, Hawaii 96850, by asking for the Court file containing the Motion For Preliminary Approval of Class Settlement (the settlement agreement is attached to the motion).

For additional information about the settlement and/or to obtain copies of the settlement agreement, or to change your address for purposes of receiving a payment, you should contact the Claims Administrator as follows:

Smith v. Bank of Hawaii
Claims Administrator
Attn:


For more information you also can contact the Class Counsel as follows:

Margery S. Bronster
Robert M Hatch
Bronster Fujichaki Robbins
1003 Bishop Street, Suite 2300
Honolulu, HI 96813
Telephone: (808) 524-5644
mbronster@bfrhawaii.com
rhatch@bfrhawaii.com

Richard D. McCune
McCune Wright Arevalo LLP
3281 E. Guasti Road, Ste. 100
Ontario, CA 91761
Telephone: (909) 557-1250
rdm@mccunewright.com

Taras Kick
The Kick Law Firm, APC 815 Moraga Drive
Los Angeles, CA 90049
Telephone: (310) 395-2988
Taras@kicklawfirm.com

***PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF DEFENDANT CONCERNING THIS NOTICE OR THE SETTLEMENT.***