BRONSTER FUJICHAKU ROBBINS
A Law Corporation

| | |
|---|---|
| MARGERY S. BRONSTER | 4750 |
| ROBERT M. HATCH | 7724 |
| KELLY A. HIGA | 9556 |

1003 Bishop Street, Suite 2300
Honolulu, Hawai'i  96813
Telephone: (808) 524-5644
Facsimile:  (808) 599-1881
E-mail: mbronster@bfrhawaii.com
        rhatch@bfrhawaii.com
        khiga@bfrhawaii.com

RICHARD D. McCUNE, *admitted pro hac vice*
EMILY J. KIRK, *admitted pro hac vice*
McCUNE WRIGHT AREVALO LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275
E-mail:  rdm@mccunewright.com
        ejk@mccunewright.com

TARAS KICK, *admitted pro hac vice*
THE KICK LAW FIRM, APC
815 Moraga Drive
Los Angeles, California 90049
Telephone: (310) 395-2988
Facsimile: (310) 395-2088
E-mail:  Taras@kicklawfirm.com

Attorneys for Plaintiff
RODNEY SMITH and the Putative Class

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RODNEY SMITH, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BANK OF HAWAII and DOES 1 through 10<br><br>Defendants. | Civil No.:  1:16-CV-00513 JMS-WRP<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br><br>**Trial Date:  Vacated**<br><br>**Judge:  Hon. J. Michael Seabright** |

**ORDER GRANTING FINAL
APPROVAL OF THE CLASS ACTION SETTLEMENT**

This Court granted preliminary approval of the Settlement Agreement and Release (the "Settlement Agreement") and certified provisional settlement classes. [Dkt. No. 214.]  Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all comments received regarding the Settlement Agreement, and having reviewed the record in this litigation, and good cause appearing,

1.      Unless otherwise provided, all terms used herein shall have the same meaning provided in the Settlement Agreement.

2.      The Court finds that the classes are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these

- 2 -

common issues predominate over any issues affecting only individual members of the settlement classes, that the claims of Rodney Smith (the "Named Plaintiff") are typical of the claims of the settlement classes, that in prosecuting this action and negotiating and entering into the Settlement Agreement, the Named Plaintiff and his counsel have fairly and adequately protected the interests of the settlement classes and will adequately represent the settlement classes in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

3. The Court finds that the settlement classes meet all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. For settlement purposes, the Court now finally certifies the settlement classes, which are composed of the following Class Members:

**The Sufficient Funds Class**: Those customers of Defendant who, between September 9, 2015 and August 1, 2017, paid a Sufficient Funds Overdraft Charge that was not refunded.

**The Dismissed Sufficient Funds Class:** Those customers of Defendant who paid a Sufficient Funds Overdraft Charge from September 9, 2010, through September 8, 2015 that was not refunded.

**The Regulation E Class:** Those customers of Defendant who opted in prior to March 1, 2017, and who from September 9, 2015, through September 30, 2017, paid an overdraft fee on a non-recurring debit card or ATM transaction that was not refunded.

4. The Court appoints Named Plaintiff Rodney Smith as the Class Representative of the three settlement classes.

5.      The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq"), as the Claims Administrator under the terms of the Settlement Agreement.  All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid from the Settlement Fund.  The Claims Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the settlement and shall comply with the terms of the Settlement Agreement.

6.      The Court further finds that counsel for the Settlement Classes, Margery S. Bronster and Robert M. Hatch of Bronster Fujichaku Robbins, Richard D. McCune of McCune Wright Arevalo, LLP, and Taras Kick of The Kick Law Firm, APC, have and will adequately represent the settlement classes, and they are approved as Class Counsel.

7.      The Court finds that the distribution of the notice of the settlement has been completed in conformity with the Court's preliminary approval order.  The Court finds that the notice was the best practicable under the circumstances and provided due and adequate notice of the proceedings of the terms of the settlement. The Court finds that the notice fully satisfied the requirements of due process.  The Court also finds that all Class Members were given a full and fair opportunity to object, and all Class Members have had a full and fair opportunity to exclude themselves from the settlement classes.

8.      As set forth in the Declaration of Brian Young of Epiq, dated June 8, 2020, six members of the settlement classes requested exclusion.  The six members who requested exclusion from the proposed settlement are identified in Exhibit A

to the June 8, 2020 Declaration of Brian Young and are excluded from this settlement.

9.      Also, as set forth in the Declaration of Brian Young of Epiq, dated June 8, 2020, one Class Member, Ryan Canon, filed an objection to the settlement on or before the May 31, 2020 deadline.  That objection is attached as Exhibit B to the June 8, 2020 Declaration of Brian Young.  Mr. Canon addressed the Court on July 7, 2020,  requested exclusion from the settlement, and withdrew his objection. A second potential objector, Francis Butires, appeared at the hearing and also addressed the Court on July 7, 2020, but clarified he was not objecting to the settlement.   A final potential objector, Larry Bailey, did not attend the Court hearing, but subsequently indicated both to Class Counsel and to the Court his desire to opt-out of the class settlement.  Accordingly, the Court excludes Ryan Canon and Larry Bailey from the settlement, as well as those who previously requested to opt-out as listed in Exhibit A to the Declaration of Brian Young of Epiq dated June 8, 2020.

10.     The Court finds the reaction of the Class Members to the settlement was overwhelmingly favorable and supports approval of the settlement.  Further, based on the declaration of counsel for Defendant, CAFA notice of the settlement has been provided to the appropriate federal and state officials, and after 90 days, those officials have not objected or otherwise responded to the notice of the proposed settlement.

11.     The Court hereby grants final approval of the terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, adequate, and directs the parties to effectuate the Settlement Agreement according

to its terms.  The Court finds that the Settlement Agreement has been reached as a result of informed and non-collusive arm's-length negotiations.  The Court further finds that the parties have conducted appropriate discovery in order to allow their attorneys to reasonably evaluate their respective positions and make informed settlement decisions.

12.    The Court finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks.  The amount offered in the settlement is reasonable in light of the expense, complexity, risk, and likely duration of further litigation.

13.    The settlement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement Agreement, or any document referred to herein, or any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

14.  The Court finds the requested attorneys' fees of $3,719,255 to be reasonable as a percentage of the Value of the Settlement (30%), and also pursuant to a lodestar cross-check given the hourly rates and hours worked, and finds the requested fee is reasonable and therefore awards fees in this amount to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement Agreement.

15.    The Court further finds that the request for reimbursement of litigation costs in the amount of $175,000 is reasonable based on the work necessary to

achieve this favorable class settlement and is to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement Agreement.

16.     The Court finds that Named Plaintiff Rodney Smith assisted with the prosecution and litigation of the case, including producing documents, assisting Class Counsel, responding to formal discovery, personally appearing for a deposition, and having been willing to testify at trial.  The Court therefore awards a service fee in the amount of $15,000 to be paid to Named Plaintiff Rodney Smith from the Settlement Fund by the deadline specified in the Settlement Agreement.

17.     The Court finds the Epiq's fees and costs, including estimate fees and costs to fully implement the terms of the Settlement Agreement,  for serving as Claims Administrator shall be paid by the deadline specified in the Settlement Agreement.

18.     The Court approves Hawaiian Community Assets as the *cy pres* recipient in this matter.

19.      Defendant shall make all distributions as set forth Settlement Agreement.

20.     The Court retains jurisdiction for one-year over the parties, Class Counsel, and the case to enforce the Settlement Agreement and terms of this Judgment.

It is so ordered this 22nd day of December 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge